[L. A. No. 12554.   In Bank.—April 27, 1931.]

LEWIS SCHAFFER, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Leonard Comegys for Petitioner.

Chandler, Wright & Ward and H. C. Mabry for Respondent.

THE COURT.—This proceeding was instituted to review an order of the board of governors of The State Bar,

adopting findings of Los Angeles County Local Administrative Committee Number Six, but increasing its recommendation for punishment from a reprimand to suspension from the practice of the law in this state for a period of six months.

Petitioner's first point is that the two complaints herein filed were insufficient to confer jurisdiction because certain material allegations thereof were based upon information and belief. We find, however, that the pleadings, properly verified, were in due form, with but one allegation, or paragraph thereof based upon information and belief, relating to alleged representations made by petitioner to a third person, whereas other positive allegations charged petitioner with the appropriation to his own use of moneys belonging to others. ██ Besides, in the recent case of *In re Herron* v. *The State Bar, ante,* p. 196 [298 Pac. 474], it has been definitely held that the procedure under the State Bar Act does not require a verified complaint as a prerequisite to jurisdiction in disciplinary hearings. We shall, therefore, pass to a brief recital of the facts and, a discussion of petitioner's further contentions that the findings have no support in the evidence and that the penalty is too severe.

Petitioner, during the times in question, was general counsel for the California Pioneer Automobile Club, which club furnished its members with free legal services and adjustment of accident claims. On August 8, 1927, the automobile of a member, Ishitani, collided with and damaged the automobile of one Gillispie, who carried insurance with the Automobile Club of Southern California for which the complaining witness herein was general counsel. Ishitani consulted petitioner in January, 1928, and upon his representations paid him $85 to be used in settling and procuring a release of said Gillispie claim. In May, 1928, petitioner reached an agreement with said Automobile Club of Southern California to settle the claim for $43 and, pursuant thereto, said club sent him a release duly executed by Gillispie. Petitioner, however, failed to remit the $43 or any other sum and the club later endeavored to collect it direct from Ishitani. Learning then the facts, it brought suit in October, 1929, against petitioner, whereupon he

promptly settled the claim by payment of the full sum of $85, instead of the $43 formerly agreed upon.

A similar occurrence took place with reference to a claim against a member named Matsuno Suzukawa, whose automobile collided with the car of one Salzman, also a member of the club represented by said complaining witness. About March 13, 1928, petitioner collected $30 from Suzukawa, procured an agreement to settle for $20 and received from said club a release executed by Salzman, but thereafter failed to remit until forced by suit filed against him in October, 1929, to pay the full sum of $30.

Some time later, after payment of said claims, this proceeding was instituted. The committee concluded that petitioner was dilatory and negligent in handling his client's business, that he kept and appropriated to his own use money deposited with him by clients until sued for recovery thereof, and recommended that he be reprimanded. After questioning petitioner, the board of governors recommended the increased penalty of six months' suspension.

Testifying before the board of governors, petitioner admitted that he had collected $30 from one member and held it for some nineteen months and $85 from another member and held it for some twenty-one months, when settlement in each case was supposed to have been made. He stated that one payment was made by a check which he cashed, putting the cash in an envelope; that the other cash payment was placed in a separate envelope and both envelopes were then deposited in his office safe, where they remained during the entire period in question, this being his customary procedure in handling matters of this character. He stated that he knew he had done wrong, but that it was, if anything, an unintentional and negligent wrong and not a wrong growing out of any criminal intent. He offered the explanation that the two automobile clubs were constantly negotiating settlements; that sometimes a claim of one club was credited against the claim of the other without money actually passing, giving a constant opportunity to secure further reductions in pending cases and he held these moneys in order that he might endeavor to reduce the settlements to even lower figures.

In connection with his contention that a reprimand would be a sufficient punishment, petitioner calls attention to the fact that the claims were paid by him before the institution of this proceeding and that there is absolutely no showing that he appropriated or diverted the moneys to his own use or any use whatsoever beyond holding them intact in his possession; that he was but twenty-six years of age at said time, admitted to practice in 1927, and had been engaged in active practice only about three years; that although charges of unprofessional conduct had twice been filed against him they were both dismissed, and that his wrong was unintentional.

We believe that the above recital of itself, without further comment on our part, constitutes a sufficient refutation of the claim that the evidence was insufficient to support the findings. The serious misconduct of petitioner in holding his clients' moneys over long periods of time until forced by suit to pay almost double the amount for which the claims could have been settled, thoroughly justifies the period of suspension recommended.

It is therefore ordered that the petitioner herein, Lewis Schaffer, be and he is hereby suspended from the practice of law in this state for the period of six months from and after thirty days from the date of filing of this order.